IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:11-CR-205-H-1

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | **ORDER OF DETENTION PENDING** |
| | ) | **TRIAL** |
| DWAN MARQUIS WILLIAMS, | ) | |
| | ) | |
| Defendant. | ) | |

This case came before the court today for hearing on the government's motion, pursuant to 18 U.S.C. § 3142(f), to detain defendant pending trial. The government presented the testimony of a detective with the Wilson County Sheriff's Office, and defendant the testimony of the proposed third-party custodian, his mother. The court also reviewed the pretrial services report. After careful consideration pursuant to 18 U.S.C. § 3142(g) of the credible information and argument submitted, and based on the findings and reasons stated below and in open court, the court finds by a preponderance of the evidence that there is no condition or combination of conditions that will reasonably assure defendant's appearance as required, and by clear and convincing evidence that there is no condition or combination of conditions that will reasonably assure the safety of any other person and the community before trial. The government's motion is therefore GRANTED.

Defendant was charged in a 6-count indictment on 14 July 2011 with a conspiracy from about 2006 until 29 March 2011 to distribute and possess with the intent to distribute 280 grams or more of crack cocaine (ct. 1) and five additional counts of distribution or possession with intent to distribute cocaine between 25 January 2011 and 7 March 2011 (cts. 2-5). Given the nature of the charges, the rebuttable presumption of detention in 18 U.S.C. § 3142(e)(3) applies, and the court has considered it, although defendant proffered sufficient evidence to shift the burden of production to

the government.  In addition to the presumption, the principal findings and reasons underlying the court's determination that detention is required include the following: the strength of the government's case against defendant, including audio and video recordings of 5 controlled purchases from defendant and his confession to be being a drug dealer; his criminal history, including 4 felony convictions, over 20 misdemeanor convictions, 5 revocations of probation or parole, commission of 9 offenses while on probation, and 9 failures to appear; the danger of continued drug trafficking by defendant if he were released; the unsuitability of the proposed third-party custodial arrangement because of the proposed custodian's work schedule, the presence of a minor in the home, and the risk of danger and flight presented by defendant; and the other findings and reasons stated in open court.  The court considered evidence offered as mitigating, but finds that the factors favoring detention outweigh such evidence.

    IT IS THEREFORE ORDERED that defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

    This, the 29th day of February 2012.

_____
James E. Gates
United States Magistrate Judge

2

Case 5:11-cr-00205-H   Document 48   Filed 03/01/12   Page 2 of 2