IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:11-CR-205-1H
No. 5:13-CV-614-H

| | |
|---|---|
| DWAN MARQUIS WILLIAMS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **MEMORANDUM &** |
| ) | **RECOMMENDATION** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

This matter is before the court on Petitioner's motion to vacate pursuant to 28 U.S.C. § 2255, which has been referred to the undersigned for memorandum and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Rules 8(b) and 10 of the Rules Governing Section 2255 Proceedings. The Government has moved to dismiss Petitioner's motion. To further develop the record, the undersigned conducted an evidentiary hearing on October 11, 2014, on Petitioner's claim that his attorney failed to appeal his sentence after having been expressly instructed to do so. Petitioner was present at the hearing and represented by EJ Hurst, II, and the government was represented by Assistant United States Attorney Shailika Shah. Petitioner testified at the hearing of this matter and also presented the testimony of his girlfriend, Sonya Bullock. The government presented the testimony of Petitioner's trial attorney, H.P. Williams. Following the parties' evidentiary presentation, the court heard the arguments of counsel on all of Petitioner's claims. For the reasons set forth below, it is recommended that the government's motion to dismiss be granted, and Petitioner's § 2255 motion be denied.

## BACKGROUND

On July 14, 2011, Petitioner was indicted in a six-count indictment charging him with conspiracy to distribute and possess with the intent to distribute 280 grams or more of cocaine base (crack) in violation of 21 U.S.C. § 841(a)(1) (count one); distribution of a quantity of cocaine base (crack) in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (count two); three counts of distribution of twenty-eight grams or more of cocaine base (crack) in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. §2 (counts three, four and five); and one count of possession with the intent to distribute twenty-eight grams or more of cocaine base (crack) in violation of 21 U.S.C. § 841(a)(1) (count six).

On June 7, 2012, Petitioner pled guilty, pursuant to a written plea agreement, to the conspiracy count set forth in count one of the indictment. Pursuant to the plea agreement, Petitioner agreed

> [t]o waive knowingly and expressly all rights . . . to appeal whatever sentence is imposed, including any issues that relate to the establishment of the advisory Guideline range, reserving only the right to appeal from a sentence in excess of the applicable advisory Guideline range that is established at sentencing, and further to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C. § 2255, excepting an appeal or motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to [Petitioner] at the time of the . . . guilty plea.

(Mem. Plea Agt. [DE #81] ¶ 2(c).) Petitioner was advised, both in the plea agreement and at the Rule 11 hearing, that the conspiracy offense set forth in count one carried a minimum term of ten years' imprisonment and a maximum term of life imprisonment. (*Id.* ¶3(a)(4), (5); Rule 11 Hrg Tr. [DE #122] at 9.) In exchange for Petitioner's agreement to plead guilty to the conspiracy count, the government agreed to dismiss the remaining five counts against Petitioner.

2

The presentence investigation conducted by the United States Probation Office determined that Petitioner was accountable for 2,062.28 grams of cocaine base, 85.05 grams of cocaine and 2.5 grams of marijuana, for a total marijuana equivalency of 7,381.41 kilograms and a base offense level of 34. Adding two levels for maintaining a premises for the manufacture or distribution of controlled substances, two levels for a leadership role in the offense, and subtracting three levels for acceptance of responsibility, the United States Probation Office calculated Petitioner's total offense level to be 35 and his advisory guideline range to be 292 to 365 months' imprisonment based upon a criminal history category of VI.

At sentencing, Petitioner's attorney objected to the upward adjustments for maintaining a premises and for a leadership role and asked the court to consider that of the 2,000 grams of cocaine for which Petitioner was held accountable, only 158 grams were the result of buys and cocaine found on Petitioner's person. (Sentencing Tr. [DE #121] at 3-8.) The court overruled both objections and determined that the custodial range under the advisory guidelines was 292 to 365 months. Upon the government's motion for a downward departure made pursuant to U.S. Sentencing Guideline §5K1.1, the court imposed a sentence of 180 months' imprisonment and five years' supervised release.

Petitioner did not appeal his conviction or sentence. On August 26, 2013, Petitioner filed a timely motion to vacate his sentence pursuant to 28 U.S.C. § 2255.

## DISCUSSION

Petitioner asserts five claims for relief in his § 2255 motion. First, he claims that the prosecutor breached the plea agreement by seeking an increase in his base offense level pursuant to U.S. Sentencing Guidelines §§ 2D1.1(b)(12) (maintaining a premises) and 3B1.1(c) (leadership role). Second, Petitioner maintains that his attorney was ineffective in failing to file

3

a 5K2.16 motion, by allowing the government to breach the plea agreement, and by failing to correct false statements made by the prosecutor concerning Petitioner's cooperation. Third, Petitioner argues that the government committed prosecutorial misconduct by misrepresenting Petitioner's cooperation. Fourth, Petitioner contends that the government committed prosecutorial misconduct by attributing to him a greater amount of drugs than the amount to which the parties stipulated in the plea agreement. Fifth, Petitioner asserts that his attorney failed to file a notice of appeal after having been expressly instructed to do so.[1]

**I.    Failure to File Notice of Appeal**

An evidentiary hearing was held in this matter on Petitioner's claim that his attorney, H.P. Williams, was ineffective for failing to file a notice of appeal after having been expressly instructed to do so. Based on the evidence presented at the hearing, the undersigned finds that Petitioner did not ask his attorney to file a notice of appeal and has failed to demonstrate that his attorney was ineffective in failing to do so.

Petitioner testified that he was not happy with the sentence he received and let that fact be known to his attorney. At sentencing, Judge Howard advised Petitioner that he had fourteen days to appeal. Petitioner stated that after the sentence was imposed, he was taken out of the courtroom and met with Mr. Williams in a holding cell. Mr. Williams told Petitioner that he did not see any grounds for appeal, to which Petitioner responded "the enhancement, they said they weren't going to enhance me." (Evid. Hrg. Tr. [DE #130] at 20.) According to Petitioner, Mr. Williams told him to "sleep on it" and to let him know if he wanted to appeal, and that he would file an appeal on his behalf. (*Id.*) Petitioner testified that he spoke with his attorney again, after being transported to FCI-Hazelton. In that conversation, Petitioner told Mr. Williams that he

---

[1] Although not denominated by Petitioner as a ground for relief (*see* § 2255 Motion [DE #97] at 9), the court treats this contention as a separate claim for relief.

4

was going to file a § 2255 motion. (*Id.*)

Petitioner's girlfriend, Sonya Bullock, also testified at the hearing in this matter. Ms. Bullock stated that Petitioner asked her to contact H.P. Williams and that she called his office on several occasions "throughout the weeks" after his sentencing hearing. (Evid. Hrg. Tr. at 26-27.) Ms. Bullock testified that she left messages on his office voicemail and with an assistant asking him to call her back. (*Id.* at 27.) She testified that "to her knowledge" she did not speak with Mr. Williams. (*Id.* at 26.)

H.P. Williams testified that he met with Petitioner after sentencing in a holding cell. He discussed with Petitioner his right to appeal and explained that it was his opinion there was no basis for an appeal. (Evid. Hrg. Tr. at 34.) He further advised Petitioner that if he did appeal it would jeopardize his chances for a Rule 35 motion later. (*Id.*) Mr. Williams testified that Petitioner appeared to be pleased with the outcome of his case, as he received a sentence less than half the advisory guideline range. (*Id.*) Mr. Williams testified that Petitioner did not ask him to file an appeal. (*Id.* at 35.) He indicated that Petitioner's cooperation was ongoing and that they agreed Petitioner would not appeal because it would mess up his chances for a Rule 35 reduction. (*Id.*) Mr. Williams further testified that he has reviewed his office notes and has found a worksheet indicating that he had a telephone conference with Sonya Bullock on November 20, 2012. (*Id.* at 35-36.) He does not recall what they spoke about but stated that his notes reflect their conversation lasted less than six minutes. (*Id.* at 36.)

Mr. Williams testified that Petitioner subsequently contacted him in 2013. He stated that Petitioner sent him some letters about individuals "he had information on" and to request copies of his transcript and his plea agreement. (Evid. Hrg. Tr. at 33.)

Petitioner has failed to demonstrate that his attorney was ineffective in failing to file a

5

notice of appeal. In his § 2255 motion, Petitioner asserts that he expressly instructed his attorney to file a notice of appeal (DE #97 at 9); however, the evidence presented in support of Petitioner's claim demonstrates otherwise. At no point did Petitioner or his girlfriend testify that H.P. Williams was instructed to file a notice of appeal. Rather, the evidence presented demonstrates that immediately after sentencing Mr. Williams fulfilled his obligation to advise Petitioner of his right to appeal, told Petitioner he did not see a basis for appeal and cautioned Petitioner that appealing may ruin his chances for a later Rule 35 reduction. Petitioner testified that he next spoke with his attorney after he had been transferred to FCI-Hazelton at which time he informed Mr. Williams that he wanted to file a § 2255 motion. Petitioner has failed to demonstrate that his attorney's failure to file a notice of appeal was deficient, and this claim should, therefore, be denied.

## II. Prosecutorial Misconduct

Petitioner asserts three claims of prosecutorial misconduct. Petitioner contends that the prosecutor breached the plea agreement by pursuing "enhancements" to Petitioner's base offense level and by seeking to hold Petitioner accountable for a greater amount of drugs than stipulated to in the plea agreement. Additionally, Petitioner argues that the prosecutor engaged in misconduct by misrepresenting Petitioner's cooperation. As to these claims, Petitioner bears the burden of demonstrating both that "the prosecutor's remarks or conduct [were] in fact . . . improper" and that "such remarks or conduct . . . prejudicially affected [Petitioner's] substantial rights so as to deprive [him] of a fair trial." *United States v. Chorman*, 910 F.2d 102, 113 (4th Cir. 1990).

A review of the plea agreement in this case reveals that the parties did not enter into a stipulation regarding the quantity of drugs attributable to Petitioner, nor did the government

6

agree not to pursue any upward adjustments in the calculation of Petitioner's advisory guideline range. In fact, the plea agreement expressly provides that Petitioner's "sentence has not yet been determined by the Court, that any estimate of the sentence received from any source is not a promise, and that even if a sentence up to the statutory maximum is imposed, [Petitioner] may not withdraw the plea of guilty." (Plea Agt [DE #81] ¶ 3(c).) The plea agreement further lists the minimum term of imprisonment as ten years and the maximum term of imprisonment as life. (*Id.* at ¶3(a)(4), (5).) Moreover, at Petitioner's Rule 11 proceeding, Judge Webb advised Petitioner of the applicable penalties. Prior to accepting the plea agreement, Judge Webb ensured that Petitioner understood the charges against him, the penalties he faced and the terms of the plea agreement, that the plea agreement represented any and all agreements Petitioner had with the government and that Petitioner had not been made any other or different promises in order to get him to plead guilty. (Rule 11 Tr. [DE #122] at 8-11.) Petitioner is bound by the statements made by him at his Rule 11 proceeding. *Little v. Allsbrook*, 731 F.2d 238, 239-40 n.2 (4th Cir. 1984) ("In the absence of clear and convincing evidence to the contrary, [a defendant] must be bound by what he said at the time of his plea."). As Petitioner was sentenced in the manner contemplated by his written plea agreement, and confirmed at his Rule 11 hearing, he has failed to show that the prosecutor's actions in seeking to increase Petitioner's base offense level constituted prosecutorial misconduct.

Petitioner has also failed to demonstrate that the prosecutor engaged in misconduct by misrepresenting that Petitioner's cooperation began only after Petitioner's arrest. At the evidentiary hearing in this case, Petitioner testified that he was first arrested by police on March 7, 2011, on state charges. He made a written statement at that time denying any involvement in the sale of drugs. He was in jail three days before he bonded out on March 10, 2011. On March

7

29, 2011, Petitioner was questioned by law enforcement officials again. It was at this point that Petitioner began providing information that could be considered cooperation. At sentencing, the government moved for a downward departure pursuant to 5K1.1. The prosecutor informed the court that Petitioner cooperated early on, stating that Petitioner provided information on March 29, 2011, as well as at a debriefing following his Rule 11 hearing. As a result, Petitioner received a sentence approximately thirty-eight percent (38%) below the bottom of the advisory guideline range. As Petitioner has not shown that the prosecutor's statements were incorrect or prejudicial to his case, this claim, as well as Petitioner's other prosecutorial misconduct claims, should be dismissed for failure to state a claim.

At the hearing of this matter, Petitioner asserted that the transcript of his Rule 11 hearing was incomplete in that it did not include a conversation between Judge Webb and the prosecutor in which Judge Webb inquired whether the government would be seeking an enhancement in Petitioner's case and the prosecutor replied in the negative. Petitioner explained that this conversation took place after Judge Webb had continued another case because the government had not properly filed a notice of enhancement. At the evidentiary hearing on his § 2255 motion, Petitioner moved for a transcript of all proceedings held before Judge Webb that day. The court denied Petitioner's motion for transcripts of all other cases heard that day but instructed the clerk to contact the court reporter and ask her to recheck her notes to determine if there are any additional proceedings concerning Petitioner's case. Following the evidentiary hearing, the court was advised by the court reporter that there were no other recorded proceedings concerning Petitioner's case.

Having reviewed the proceedings from the other cases heard that day, the court is of the opinion that the conversation described by Petitioner did take place but that it occurred prior to

8

Petitioner's case being called for hearing and no record was made of that brief colloquy. The court has considered the conversation described by Petitioner but finds that it is not material to Petitioner's claims as the conversation concerned the applicability of an enhancement to Petitioner's mandatory minimum sentence, which the government did not seek. Accordingly, it is recommended that the government's motion to dismiss Petitioner's prosecutorial misconduct claims be granted and the claims be denied.

### III. Other Ineffective Assistance Claims

Petitioner also contends that his attorney was ineffective in failing to file a motion pursuant to 5K2.16, by allowing the government to breach the plea agreement and by failing to correct the prosecutor's statements regarding Petitioner's cooperation. For the reasons set forth above, the undersigned finds that the government did not breach the plea agreement and that the prosecutor did not misrepresent Petitioner's cooperation. Accordingly, the court should dismiss those ineffective assistance claims grounded on prosecutorial misconduct.

The court should also dismiss Petitioner's claim that his attorney was ineffective in failing to file a 5K2.16 motion. U.S. Sentencing Guideline § 5K2.16 provides for a downward departure where a "defendant voluntarily discloses to authorities the existence of, and accepts responsibility for, the offense prior to the discovery of such offense, and if such offense was unlikely to have been discovered otherwise." U.S.S.G. § 5K2.16. It may be appropriate, for example, "where a defendant, motivated by remorse, discloses an offense that otherwise would have remained undiscovered." *Id.* However, the guideline does not apply "where the motivating factor is the defendant's knowledge that discovery of the offense is likely or imminent, or where the defendant's disclosure occurs in connection with the investigation or prosecution of the defendant for related conduct." *Id.* As Petitioner's cooperation was "in

9

connection with the investigation or prosecution of [Petitioner] for related conduct," he was not eligible for a 5K2.16 departure. Consequently, Petitioner is unable to demonstrate that his attorney was ineffective in failing to pursue such a departure or that he was prejudiced as a result of his attorney's conduct in this regard. *See Strickland v. Washington*, 466 U.S. 668, 687-94 (1984) (requiring a petitioner to show that his counsel's performance was deficient in that it fell below the standard of "reasonably effective assistance" and "that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different.").

## **CONCLUSION**

For the foregoing reasons, it is RECOMMENDED that the government's motion to dismiss [DE #106] be GRANTED, Petitioner's § 2255 motion [DE #97] be DENIED and Defendant's claims be DISMISSED for failure to state a claim upon which relief may be granted.

The Clerk shall send a copy of this Memorandum and Recommendation to counsel for the respective parties, who shall have fourteen (14) days from the date of service to file written objections. Failure to file timely, written objections shall bar an aggrieved party from obtaining de novo review by the District Judge on an issue covered in the Memorandum and, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions not objected to, and accepted by, the District Judge.

This 24th day of November 2014.

*/s/ Kimberly A. Swank*
KIMBERLY A. SWANK
United States Magistrate Judge